UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANCISCO TORRES-RENDON, and JOSE SANTOS<br><br>*Defendants.* | **Protective Order**<br><br>**19 Cr. 819 (VM)** |

Upon the application of the United States of America, the Court hereby finds and orders as follows:

1. **Sensitive Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include certain "Sensitive Disclosure Material" that (i) affects the privacy, confidentiality and of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2. Sensitive Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Sensitive Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Disclosure Material to the media or any third party except as set forth below.

3. Sensitive Disclosure Material may be disclosed by counsel to:

(a) The defendants for review in the presence of defense counsel for purposes related to this case. The defendants shall not maintain, retain, or keep copies of any records containing Sensitive Disclosure Material outside of the presence of defense counsel. The defendants shall not make or retain any notes that include any Sensitive Disclosure Material outside the presence of defense counsel;

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(c) Prospective witnesses for purposes of defending this action.

4. The Government may authorize, in writing, disclosure of Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any Sensitive Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. Except for Sensitive Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Sensitive Disclosure Material, including the seized ESI Sensitive Disclosure Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

7. At any time, Defense Counsel may seek leave from the Government to share materials designated as Sensitive Disclosure Material with the defendant ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the sharing of the Requested Material with the defendant; (ii) provide Defense Counsel with a redacted version of the Requested Material that may be shared with the defendant; or (iii) provide Defense Counsel with an explanation as to why the Requested Material cannot be shared with the defendant at that time, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government will make all practicable efforts to oblige Defense Counsel requests to share Requested Material.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
     22 day of July, 2020

_____
Victor Marrero
U.S.D.J.